## Witt v. Commonwealth.

November 30, 1948.

Rehearing denied January 14, 1949.

M. F. Hall for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER— Affirming.

Under an indictment charging him with carrying concealed a deadly weapon appellant was convicted and sentenced to serve two years in the state reformatory. He urges two grounds for reversal both of which are based on the same alleged error: (1) the Court erred in sustaining the Commonwealth's objection to the evidence offered by appellant in support of his only affirmative defense, to wit: that he was a peace officer at the time mentioned in the evidence, therefore, was expressly authorized by law to carry concealed a deadly weapon

under the provisions of KRS 435.230; and (2) the Court failed to instruct the jury on this defense.

The evidence offered on the point in question was that of appellant and Albert Cottrell, Constable in Magisterial District No. 1, in Harlan County. It seems that three months before the commission of the crime of which appellant was convicted Albert Cottrell was in possession of a warrant for the arrest of Maxine Collins. Defendant was asked the following question, objection to which was sustained by the Court. "Did Albert Cottrell appoint you to serve a warrant on Maxine Collins for a cold check?" Neither appellant nor his attorney made an avowal as to the answer appellant would have given to this question had the objection to it been overruled. Albert Cottrell testified that "at one time" he had in his possession warrants for the arrest of Maxine Collins. One of the warrants appears in the record and was issued on the 15th day of September, 1947, and contained the following writing: "I hereby appoint Elbert Witt a special deputy constable to serve this paper this 3rd. day of Nov., 1947. Signed Albert Cottrell C. H. C." No return appears on the warrant. The Court refused to permit the warrant to be introduced in evidence because of its irrelevancy. The record in respect to the interrogation of Cottrell, his answers, the Commonwealth's objections, the Court's rulings, and appellant's avowal appear in the bill of exceptions in the following language:

"Mr. M. F. Hall (Attorney for Defendant)

"Q. Is Ab Cottrell your name? A. It is.

"Q. Do you hold any office in Harlan County? A. I'm Constable No. One District.

"Q. Were you Constable in 1947? A. I was.

"Q. Do you know Elbert Witt? A. I do.

"Q. Do you know Maxine Collins? A. Yes.

"Q. Did you at one time have warrants for her for cold checks? A. Yes.

"Q. Do you know how many you had? A. No. There were several places, one on the Army Store, one on John Forester, Powers & Horton, and taxi driver, and we were looking for her on several occasions.

"Q. Look at this warrant and tell the jury what it is?

"The Commonwealth objects.

"Mr. Hall: He was appointed special bailiff to execute that warrant.

"Court: What are you going to do with it?

"Commonwealth objects.

"Mr. Hall: The Court of Appeals might like to look at it.

"Mr. Jones (Attorney for the. Commonwealth): It would have to be a funny Court of Appeals.

"Q. Look at that writing and see if you made that writing to Elbert Witt? A. Yes.

"Q. Read that to the jury?

"Commonwealth objects.

"Q. And the date.

"Court: That had nothing to do with this case.

"Mr. Hall: He was appointed to serve the warrant. Let it go for what it is worth.

"Mr. Jones: I would like for the court to admonish the jury not to consider anything about that warrant.

"Sustained.

"Avowal:

"Mr. Hall: 'If the witness were permitted to answer by the court, he would avow that he appointed Elbert Witt, special bailiff, for the purpose of executing a state warrant against Maxine Collins for cold checks.'"

The answer contained in the avowal if admitted in evidence would not have been responsive to the question, and on motion duly made should have been stricken from the record. But if the jury had been permitted to consider the answer it would have had no weight in support of appellant's contention that at the time charged in the indictment he was intent upon serving the process delivered to him three months before, and that it was necessary for him to carry a deadly weapon for his own

protection in serving this one process. It follows that since there was no other evidence in support of appellant's contention that he was authorized by law to carry a concealed deadly weapon the Court did not err in failing to instruct the jury on that defense.

The judgment is affirmed.